UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-289-C

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| JERRY HOLLAND, | ) ) |
| Defendant. | ) |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter is currently before the Court on Plaintiffs' Motion for Default Judgment (Doc. # 9). For the reasons set forth below, the Motion for Default Judgment is GRANTED and Judgment shall be entered for the Plaintiffs in the amount of Three Thousand Seven Hundred Fifty Dollars ($3,750.00).

I.

Plaintiffs filed the Complaint in this action on July 24, 2007, asserting a cause of action for copyright infringement. Plaintiffs assert that Mr. Holland, "without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download" certain copyrighted recordings, to distribute those recordings to the public, and/or to make the recordings available for distribution to others. (Doc. # 1). The copyrighted recordings at issue in this case are as follows: (1) "Put Your Hands Where My Eyes Could See," on album "When Disaster Strikes," by artist "Busta Rhymes" (SR# 258-724); (2) "Your Child," on album "Mary,"

by artist "Mary J. Blige" (SR# 268-503); (3) "Everything," on album "Share My World," by artist "Mary J. Blige" (SR# 238818); (4) "Love No Limit," on album "What's The 411?," by artist "Mary J. Blige" (SR# 149-212); (5) "Sumthin' Sumthin'," on album "Maxwell's Urban Hang Suite," by artist "Maxwell" (SR# 221-404); (collectively, the "Recordings").

Mr. Holland has neither filed an Answer to the Complaint nor otherwise made an appearance in this matter. Upon motion of the Plaintiffs, default was entered by the Clerk on August 29, 2007. In the instant motion, Plaintiffs seek the entry of Default Judgment awarding statutory damages as well as injunctive relief.

II.

Default judgment is governed by Rule 55(b), which provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain . . . the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or an incompetent person." Fed. R. of Civ. P. 55(b)(1). In circumstances where there the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be made by a court.

In this case, Plaintiffs seek the minimum statutory damages of $ 750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the five Recordings. For the infringement of the five Recordings, Plaintiffs are entitled to the entry of Judgment in the total principal sum of Three Thousand Seven Hundred Fifty Dollars ($3,750.00). Defendant shall further pay Plaintiffs' costs of suit in the amount of Four Hundred Twenty Dollars ($420.00).

In addition, Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights

under federal or state law in any of the Recordings as well as in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Signed: December 5, 2007

Robert J. Conrad, Jr.
Chief United States District Judge